UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

STEVEN CLEM,

       *Plaintiff,*

v.                                      Case Number: 3:18CV00049

SCOTT H. JENKINS, et al.,

       *Defendants.*

**JAMES VERNON FOX'S**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The Plaintiff's solitary allegation against the Defendant is that he was present at the scene of the Plaintiff's arrest. This alone cannot support a legal claim against the Defendant. James Vernon Fox ("Deputy Fox"), by counsel and for the reasons that follow, asks the Court to dismiss the Complaint against him with prejudice.

**I.    Factual Background**

This matter arises out of the arrest of the Plaintiff, a member of the Spotsylvania County Sheriff's Office, allegedly made by several law enforcement officials from the Culpeper County Sheriff's Office and the Virginia State Police.

According to the Complaint, the Plaintiff was driving home from a social engagement in Culpeper County with several friends in his vehicle when he was pulled over on suspicion of "erratic" driving. Compl. at ¶ 17. Immediately prior to being pulled over, the Plaintiff had re-entered the highway from the side of the road, where he had picked up another passenger from his

friend who had been driving in front of him. *Id.* at ¶ 11-17. Defendant Charles Burgoon, a deputy sheriff with the Culpeper Sheriff's Office, allegedly pulled the Plaintiff over. *Id.* at ¶ 17. Deputy Burgoon told the Plaintiff to get out of the car and announced that he suspected the Plaintiff was driving under the influence of alcohol. The Plaintiff alleges that Deputy Burgoon called for backup from the Virginia State Police because he was aware that one of the Plaintiff's passengers was the girlfriend of a political rival of Defendant Scott H. Jenkins, the Sheriff of Culpeper County. *Id.* at ¶ 18-20.

The Plaintiff alleges that Deputy Fox arrived at the scene thereafter. *Id.* at ¶ 21. This solitary fact is the only factual allegation against Deputy Fox among the 53 numbered paragraphs of the Complaint.

The remaining allegations in the Complaint relate to the Plaintiff's subsequent refusal to take a breath test, his arrest for driving under the influence, and the conduct of the other Defendants. *Id.* at ¶ 23-53. The Plaintiff alleges that his arrest and subsequent prosecution for misdemeanor driving under the influence were politically motivated, illegal, and prevented him from receiving a promotion. *Id.* at ¶ 52. The Plaintiff requests compensatory and punitive damages, and an award of his attorney's fees and costs.

Despite alleging a only single fact against Deputy Fox – that he appeared at the scene of the Plaintiff's arrest – the Plaintiff asserts four claims against Deputy Fox, to wit: false arrest (Count I), civil conspiracy (Count IV), violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983 (Count V), and gross negligence (Count VIII). The Plaintiff also asserts claims for battery (Count II), false imprisonment (Count III), and malicious prosecution (Count VI).[1]

---

[1] The Complaint jumps from Count Six to Count Eight, and does not contain a Count Seven. *See* Compl. at 14.

2

## II. Argument

### 1. Pleading standard

When considering a motion to dismiss under Rule 12(b)(6), the court "should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint need not assert detailed factual allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). A complaint must allege sufficient facts to establish plausible grounds upon which the claim rests and must contain more than a plaintiff's allegation that he wants relief and is entitled to it. *Id.* at 556.

Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." *Id.* A complaint "establish[es] facial plausibility <u>by pleading factual content</u> that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (citation and internal quotation marks omitted) (emphasis added). "[E]lements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com,* 591 F.3d 250, 255 (4th Cir. 2009). Accordingly, the Complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Moreover, Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement" so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555 (internal quotation marks omitted). A so-called "shotgun pleading"

violates this requirement by "fail[ing] to provide each Defendant the factual basis for the claim(s) *against him*" and thus deprives both the court and the defendant "the opportunity of determining whether there are sufficient facts to make a claim against each Defendant plausible." *Luna-Reyes v. RFI Constr., LLC*, 57 F. Supp. 3d 495, 503-04 (M.D.N.C. 2014) (emphasis in original). Dismissal is appropriate, therefore, when a Complaint merely "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct." *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2nd Cir. 2011).

### 2. The Plaintiff fails to allege any individual acts by Deputy Fox to support any claim

The only factual allegation against Deputy Fox is that he appeared at the scene of the Plaintiff's arrest. He is not alleged, however, to have done anything once there. The Plaintiff does not allege, for example, that Deputy Fox said anything, participated in the arrest, participated in the administration or attempted administration of a breath test, communicated with the Plaintiff or any other officer, or otherwise undertook any action that could plausibly support a legal claim against him. The Plaintiff fails, therefore, to allege "enough facts to state a claim for relief that is plausible on its face" for false arrest, civil conspiracy, violating the Plaintiff's Fourth Amendment rights, or gross negligence. *Twombly*, 550 U.S. at 570.

Absent some factual allegation against Deputy Fox, the Plaintiff impermissibly lumps him in with everyone else is his legal claims. None of the Plaintiff's claims, however, permit collective liability against a group of people based simply on an individual merely being present during the commission of someone else's alleged illegal acts. Under federal pleading standards, for example, a plaintiff cannot assert a § 1983 claim against several defendants as a group. *See Octave v. Wade*, 2017 U.S. Dist. LEXIS 15872, *5-6. Rather, "[l]iability under 42 U.S.C. § 1983 . . . requires individual involvement in the constitutional wrongs alleged in the complaint. The doctrine of

4

respondeat superior does not apply in § 1983 cases, and the culpability of one government official does not infect his or her colleagues by osmosis." *Id.* at *6 (citing *McWilliams v. Fairfax County Bd. of Supers.*, 72 F. 3d 1191, 1197 (4th Cir. 1996)). Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). By inserting Deputy Fox into his § 1983 claim and asserting collective liability therein, the Plaintiff violates this principle and fails to apprise Deputy Fox of the charges against him. *See* Compl. at ¶ 77. Likewise, nothing under Virginia law permits a claim for false arrest, civil conspiracy, or gross negligence absent individual misconduct.

Like the Complaint in *Octave*, the Plaintiff "ignores this fundamental principle" by asserting her claims against the collective group of law enforcement defendants. *See Octave*, 2017 U.S. Dist. LEXIS 15872 at *6. Each of the counts against Deputy Fox asserts collective liability against an entire group of defendants, and in a purely conclusory fashion alleges that the elements of the claims are met. The Complaint, in other words, fails to "allege[] some specific action[]" by Deputy Fox on which to base liability. *See id.*

### III.    Conclusion

Plaintiff's shotgun pleading fails to apprise Deputy Fox of the acts he is alleged to have committed, and the basis of his alleged liability under state or federal law. Because the Complaint violates fundamental principles of pleading and fairness, fails under *Twombley* as well as Rule 8 of the Federal Rules of Civil Procedure, the Court should dismiss the Complaint against Deputy Fox.

5

Respectfully submitted,

JAMES VERNON FOX


By: _____/s/_____
     William W. Tunner (VSB No. 38358)
     John P. O'Herron (VSB No. 79357)
     *Thompson*McMullan, P.C.
     100 Shockoe Slip
     Richmond, VA 23219
     Phone (804) 698-6205
     Fax (804) 780-1813
     wtunner@t-mlaw.com
     joherron@t-mlaw.com
     *Counsel for James Vernon Fox*

6

## CERTIFICATE OF SERVICE

I certify that on this 13th day of July, 2018, I electronically filed the foregoing Memorandum in Support of Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties entitled thereof.

By: _____/s/_____

William W. Tunner (VSB No. 38358)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, VA 23219
Phone (804) 698-6205
Fax: (804) 780-1813
wtunner@t-mlaw.com

7