UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| STEVEN CLEM, ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | Civil Action No.: 3:18-cv-49 |
| ) | |
| SCOTT H. JENKINS, et al, ) | |
| ) | |
| *Defendants* ) | |

## **DEFENDANT JENKINS' MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant, Scott H. Jenkins, ("Sheriff Jenkins") by counsel, files this memorandum in support of his motion to dismiss and states as follows:

Plaintiff, Steven E. Clem, ('Plaintiff" or "Clem") initiated a lawsuit in Culpeper County Circuit Court, to which Sheriff Jenkins filed a demurrer. The action was subsequently removed to this Court on July 5, 2018. The Court converted Sheriff Jenkins' demurrer to a motion to dismiss pursuant to Rule 12(b)(6) and set a briefing schedule for filing briefs in support. (Doc. 13). Sheriff Jenkins files this memorandum support and moves to dismiss Plaintiff's complaint against him with prejudice, as it fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Plaintiff's complaint asserts 42 U.S.C. §1983 claims and state law claims against Defendant Jenkins, who is the Sheriff of Culpepper County, and others arising out of Plaintiff's arrest and prosecution for DUI and a refusal summons. Sheriff Jenkins is not alleged to have had any personal involvement with Plaintiff's arrest or prosecution, nor are there facts alleged that any of his deputies arrested or prosecuted Clem. Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

TimberlakeSmith
Staunton, VA
540.885.1517

## FACTUAL ALLEGATIONS

The complaint alleges that Clem is a sheriff's deputy with the Spotsylvania Sheriff's office. (Complaint 1). On the day in question Clem admitted to spending the day at two local vineyards. (Complaint 13). He admitted to drinking wine, but claims he only had two glasses. (Complaint 13). After spending the day at two vineyards and drinking wine, he nevertheless decided to drive a vehicle in Culpeper County. (Complaint 11). Burgoon, who was then a deputy of Sheriff Jenkins, observed Clem driving erratically and perceived (albeit mistakenly according to the complaint) Clem to have driven off the roadway and then back on. (Complaint 17). Clem admits that Deputy Burgoon could detect the odor of alcohol in the vehicle. (Complaint 18). Even though Clem had spent the day at two vineyards at which he drank wine, and even though he was sitting in the car from which he acknowledges there was an odor of alcohol detected by Burgoon, Clem nevertheless concludes that Burgoon could not have detected the odor of alcohol as coming from Clem's person. (Complaint 18). Clem acknowledges that Burgoon suspected Clem of driving while under the influence of alcohol. (Complaint 18).

*It was after that* point that Burgoon allegedly noticed that one of the passengers in Clem's vehicle was the girlfriend of Timothy Chilton, who is alleged to be the Town of Culpeper police captain and political opponent of Sheriff Jenkins. (Complaint 12, 19). Clem acknowledges that Burgoon, aware of the alleged political rivalry between Chilton and Sheriff Jenkins, decided to call in an independent agency, the Virginia State Police (VSP), to handle the matter. (Complaint 20). From that point forward, the VSP allegedly conducted the investigation, administered the preliminary breath test[1] (Complaint 28, 29, 30); arrested Clem (Complaint 33); transported Clem to

TimberlakeSmith
Staunton, VA
540.885.1517

---

[1] Clem knew that using smokeless tobacco could invalidate the preliminary breath test. (Complaint 28, 36).

2

the Town of Culpeper police department (not the sheriff's office) (Complaint 37); administered the "evidentiary breath test machine"[2] (Complaint 40); transported Clem to the magistrate's office (Complaint 47); swore out a criminal complaint (which Clem claims was false)(Complaint 49); and obtained a civil refusal summons against him (Complaint 50).

Plaintiff does not allege any personal involvement by Sheriff Jenkins either in Plaintiff's arrest, detention, or prosecution. The allegation specific to Sheriff Jenkins is Plaintiff's speculation that "upon information and belief" Sheriff Jenkins became aware of the circumstances after the fact and became "enraged" at his deputy, Burgoon, because he did not arrest plaintiff. (Complaint 23). Clem further speculates that Sheriff Jenkins called Burgoon away from the Culpeper Police Department where VSP Trooper Mays was administering the evidentiary breath test machine." (Complaint 41). Clem speculates that at that time Sheriff Jenkins "pressured" Burgoon to arrest Clem and the others, and allegedly disciplined Burgoon. (Complaint 42). In spite of that alleged internal discussion between Sheriff Jenkins and his deputy, Burgoon took no further action against Clem. He did NOT arrest Clem, nor did he swear out the warrant which Clem claims was false. The Complaint alleges that the Virginia State Police took those actions.

Defendant Fox, another deputy of Sheriff Jenkins, is not alleged to have done anything other than to appear at the scene while the VSP officers were handling the investigation. (Complaint 20-21).

There are no facts alleged that Sheriff Jenkins was on scene at any time, that he gave contemporaneous instructions or directions to anyone on scene or that he had any specific role in Plaintiff's prosecution. There are no facts alleged that any of his deputies arrested or prosecuted

TimberlakeSmith
Staunton, VA
540.885.1517

---

[2] Clem knew that providing an insufficient sample would invalidate the INTOX EC/IR II device. (Complaint 44).

3

Clem. At most, the complaint describes internal discussions with Burgoon consisting of Sheriff Jenkins' *opinion on what had already happened*.

Nevertheless, Clem attempts to assert federal claims against Sheriff Jenkins and others of unreasonable seizure, excessive force, and violations of due process brought under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. 1983 (Count V). Clem also attempts to assert claims under state law for false arrest (Count I); false imprisonment (Count III); civil conspiracy (Count IV); malicious prosecution (Count VI); and gross negligence (Count VII). [3]

## ARGUMENT

### I. Standard of Review.

A complaint fails to state a claim upon which relief can be granted when no relief is available under any set of facts that could be proven consistent with the allegations of the complaint. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992 (2002). In determining the sufficiency of a complaint, Rule 8 requires that a plaintiff plead more than unadorned, the-defendant-unlawfully-harmed-me-accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). A pleading that offers labels or conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Id*. The claim must be plausible on its face. *Id*. The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plaintiff must plead more than a sheer possibility. *Id*. Naked assertions devoid of further factual enhancement are insufficient to meet the pleading standard in Rule 8. *Id.*; *U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th

TimberlakeSmith
Staunton, VA
540.885.1517

---

[3] Count II is not directed to Sheriff Jenkins. The Complaint does not contain a County VII.

4

Cir. 2009). Facts that are merely consistent with a defendant's liability fall short of the pleading standard. *Iqbal,* 556 U.S. at 678. The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*

## II. Plaintiff has failed to state a Fourth or Fourteenth Amendment claim (Count V) against Sheriff Jenkins.

Particularly with respect to a Fourth Amendment claim, in order to state a constitutional claim, a plaintiff must plead that each official, through the *official's own individual actions*, has violated the Constitution. *Iqbal*, 556 U.S. at 676. The plaintiff must allege facts that affirmatively show that the defendant acted personally in the deprivation of the plaintiff's rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928(4th Cir. 1977). Consequently, the mere fact that Sheriff Jenkins was the Sheriff is insufficient as a matter of law to conclude that he violated Plaintiff's constitutional rights. *See Danser v. Stansberry*, 772 F.3d 340, 349 (4th Cir. 2014).

It is well settled that there is no vicarious liability for Virginia sheriffs under §1983. *Revene v. Charles County Comm'rs*, 882 F.2d 870, 874 (4th Circuit. 1989) (sheriff not personally liable under § 1983 unless "directly involved" in shooting death); *Fisher v. Washington Metro. Transit Auth.*, 690 F.2d 1133, 1142 (4th Cir. 1982) (county sheriff "cannot be held liable vicariously under § 1983 for any conduct of his subordinates"); *see also Abshire v. Walls*, 830 F.2d 1277, 1282 (4th Cir. 1987) (a supervisor "closing his eyes" to policy violations does not state a §1983 claim as supervisor is not vicarious liability for subordinates under §1983); *Vinnedge v. Gibbs*, 550 F.2d at 928 (failure to allege "personal connection" between state administrator and denial of rights fatal to claim against administrator).

TimberlakeSmith
Staunton, VA
540.885.1517

Allegations of direct involvement are required to establish liability under §1983. *See Revene,* 882 F.2d at 874. Here, the only action allegedly taken by Sheriff Jenkins was an internal discussion with Deputy Burgoon *after the fact* during which Sheriff Jenkins allegedly expressed his opinion about what had already happened. This discussion did not result in any adverse action taken against Clem as Deputy Burgoon had no further involvement in Clem's prosecution. Without factual allegations of any specific actions taken by Sheriff Jenkins in the arrest, investigation, use of force, or the prosecution of Clem, he has failed to state a constitutional claim against Sheriff Jenkins. Plaintiff's reliance upon the alleged internal conversations between Sheriff Jenkins and his deputy expressing *his opinion* which resulted in no action taken against Clem is insufficient to state any claim.

Plaintiff asserts that Clem's arrest was the result of an unconstitutional policy or custom of the Culpeper County Sheriff's Department (not Sheriff Jenkins). (Complaint 80). However, the Complaint is silent as to what the unconstitutional policy is. This may be an attempt to impose municipal liability on Sheriff Jenkins pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978). However, Sheriff Jenkins is a "person" whose liability must be judged under a supervisory liability theory under *Straw v. Stroud supra*. He is not a "municipality" subject to municipal liability under *Monell.* [4]

Notably, the allegation is not against Sheriff Jenkins, but rather against the Culpeper County Sheriff's Department which is not a party defendant to this suit, nor could it be as a sheriff's

---

[4] To the extent Plaintiff seeks to impose a claim against Sheriff Jenkins in his official capacity which is essentially the same as a claim against the office, such claim is barred by the Eleventh Amendment. *See Bland v. Roberts*, 730 F.3d 368, 391 (4th Cir. 2013) (holding that sheriffs as constitutional officers are entitled to Eleventh Amendment Immunity for official capacity claims for monetary relief); *see* discussion in Section III regarding Eleventh Amendment immunity.

6

TimberlakeSmith
Staunton, VA
540.885.1517

department or office is not an entity subject to suit under Rule 17. *See Revene*, 882 F.2d at 874 (the 'office of sheriff' was not a cognizable legal entity).[5] Plaintiff cannot attempt to shoehorn a §1983 official capacity claim against Sheriff Jenkins into the exception outlined in *Monell. See Epperson v. Payne*, No. 4:16-cv-00050, 2017 U.S. Dist. LEXIS 47735, at *11-12 (W.D. Va. Mar. 30, 2017)(dismissing a *Monell* claim against a commonwealth's attorney). Because the sheriff is not a municipality and is not an employee or officer of the county, the *Monell* exception does not apply. *See Epperson*, No. 4:16-cv-00050, 2017 U.S. Dist. LEXIS 47735, at *12 (W.D. Va. Mar. 30, 2017). Virginia's constitutional officers are independent and entirely separate and distinct from the localities. *See Williams v. Cty. of Greene*, 734 F. Supp. 235, 238 (W.D. Va. 1990)(holding that Virginia's sheriffs are entirely separate and distinct from the county board of supervisors). While constitutional officers may perform certain functions in conjunction with local government, they are neither agents of nor subordinate to local government. *Roop v. Whitt*, 289 Va. 274, 280, 768 S.E.2d 692, 696, (2015*); see also Leuenberger v. Spicer*, No. 5:15-cv-00036, 2016 U.S. Dist. LEXIS 10074, at *32-33 (W.D. Va. Jan. 28, 2016). Plaintiff has failed to state a *Monell* claim against Sheriff Jenkins and such claims should be dismissed.

Regardless, even if Sheriff Jenkins could be subject to such liability, to recover under an unconstitutional policy theory, Plaintiff must demonstrate that the policy decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the

---

[5] *See also Cadmus v. Williamson*, 5:15-cv-00045, 2016 U.S. Dist. LEXIS 112559, at *18 (W.D. Va. Aug. 23, 2016)(office of sheriff is not an entity subject to suit); *Leuenberger v Spicer*, 5:15-cv-00036, 2016 U.S. Dist. LEXIS 10074, at *21-2233 (W.D. Va. Jan. 28, 2016) (office of commonwealth's attorney is not an entity subject to suit); *Newkirk v. Circuit Court,* 3:14CV372, 2014 U.S. Dist. LEXIS 113032, at *5 (E.D. Va. Aug. 13, 2014)(office of the commonwealth's attorney is not a "person" subject to suit); *Easter v. Virginia*, 4:05cv162, 2006 U.S. Dist. LEXIS 101668, at *9 (E.D. Va. Aug. 29, 2006)(the office of the commonwealth's attorney is not an entity subject to suit); *Hussein v. Miller*, 232 F. Supp. 2d 653, 656 (E.D. Va. 2002)(office of the commissioner of revenue is not an entity subject to suit).

TimberlakeSmith
Staunton, VA
540.885.1517

decision.'" *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (*quoting Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 411, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)). Liability will attach only for those policies or customs having a "specific deficiency or deficiencies . . . such as to make the specific violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run." *Id*. at 218 (*quoting Spell v. McDaniel,* 824 F.2d 1380, 1390 (4th Cir. 1987)). "The challenged policy or custom cannot merely be the abstract one of violating citizens' constitutional rights." *Id*. Following these principles, Plaintiff must allege facts demonstrating a "close fit" between Sheriff Jenkins' purported policy and the particular constitutional right allegedly violated. Here, the Complaint is silent as to the identity of the unconstitutional policy and is silent as to the specific deficiencies in that policy that make the specific violation here *bound* to happen. Policies in the abstract do not state a claim. *Id*.

To the extent Clem attempts to impose liability on Sheriff Jenkins for his alleged failure to take remedial steps after the alleged constitutional violations occurred, such a claim likewise fails. A failure to investigate complaints of constitutional violations or failure to mitigate constitutional wrongs already suffered, does not state a constitutional claim of supervisory liability. *Jackson v.*

TimberlakeSmith
Staunton, VA
540.885.1517

8

*Brickey*, 771 F. Supp. 2d 593, 603 (W.D. Va. 2011); *Wilson v. Kittoe*, 229 F. Supp. 2d 520, 538 (W.D. Va. 2002).[6]

Without facts showing that Sheriff Jenkins acted personally in the constitutional violation and facts showing the necessary elements of supervisory liability, Plaintiff's constitutional claims against Sheriff Jenkins must be dismissed. At minimum, Sheriff Jenkins is entitled to qualified immunity. *See Shaw*, 13 F.3d at 801 (noting that a plaintiff can only overcome qualified immunity if he shows that "a reasonable person in [the supervisor's] position would have known that his actions were unlawful").

### III. Plaintiff's claims against Sheriff Jenkins in his official capacity are barred by the Eleventh Amendment

To the extent Plaintiff seeks to assert a §1983 claim against Sheriff Jenkins in his official capacity, such official capacity claim is barred by the Eleventh Amendment.[7] In Virginia, sheriffs are state officers whose positions are created by the Virginia Constitution, thereby making them constitutional officers. *See* Va Const. Art. VII, § 4. Virginia defines a Virginia sheriff as an

---

[6] *See also*, *Whitten v. Fleming*, Civil Action No. 7:17cv00262, 2017 U.S. Dist. LEXIS 137511, at *3 (W.D. Va. Aug. 28, 2017)(prisoner has no constitutional right to have his grievances investigated); *Tarlton v. Sealey*, No. 5:15-CV-451-BO, 2018 U.S. Dist. LEXIS 33393, at *34 (E.D.N.C. Mar. 1, 2018) (the failure to investigate other leads in a criminal investigation does not violate due process); *Snodgrass v. Messer*, No. 7:16CV00050, 2017 U.S. Dist. LEXIS 34329, at *14 (W.D. Va. Mar. 10, 2017)(there is no cause of action for failure to investigate an alleged PREA allegation); *Adkins v. McGlothlin*, No. 1:11cv87, 2012 U.S. Dist. LEXIS 156272, at *13 (W.D. Va. Aug. 6, 2012)(there is no cause of action under the constitution for failure to investigate a claim of perjury); *Phillips v. Pocahontas State Corr. Ctr.*, No. 7:09CV00098, 2009 U.S. Dist. LEXIS 27429, at *10 (W.D. Va. Mar. 31, 2009)(prisoner has no right to an investigation); *Diment v. Cushing*, No. 3:07cv00041, 2007 U.S. Dist. LEXIS 59746, at *6 (W.D. Va. Aug. 15, 2007) (there is no cause of action for failure to investigate an alleged HIPAA violation); *Washington v. Buraker*, 322 F. Supp. 2d 692, 702 (W.D. Va. 2004)(plaintiff cannot state a constitutional claim for the police's intentional failure to investigate particular leads in a criminal case); *Rankin v. Berkeley Cty. Sheriff's Dep't*, No. 3:02CV4, 2002 U.S. Dist. LEXIS 18422, at *25 (N.D.W. Va. Aug. 7, 2002) (no constitutional right exists to have individuals investigated).

[7] The proper assertion of an Eleventh Amendment bar after removal does not destroy removal jurisdiction over the remaining claims. *Bosely v. Lemmon (In re Mills),* 287 Fed. Appx. 273, 278, 2008 U.S. App. LEXIS 16287, *12 (4th Cir. 2008) (granting mandamus relief requiring district court to retain jurisdiction over remaining claims removed from state court).

TimberlakeSmith
Staunton, VA
540.885.1517

9

independent public official whose authority is derived from the Constitution of Virginia. *Doud v. Commonwealt*h, 282 Va. 317, 321, 717 S.E.2d 124 (2011). Even though Virginia sheriffs may perform certain functions similar to counties and cities Virginia sheriffs are not officers of or agencies of those local government units. *Id*. Under no circumstances will a locality be able to control a constitutional officer or otherwise direct a constitutional officer in the performance of his duties or operation of his office. Va. Code Ann. §15.2-1600.

By statute, the Commonwealth funds a risk management plan for constitutional officers, which is administered by the Department of the Treasury, Division of Risk Management (DRM). Va. Code Ann. § 2.2-1839. The plan protects against liability imposed by law for damages against any constitutional officers of the Commonwealth. *Id*. The DRM assumes sole responsibility for plan management and compliance. *Id*. The DRM provides for the legal defense of the plan members and a trust fund is established for payment of claims covered under such plan. *Id*. Funds are invested in this trust according to Va. Code Ann. § 2.2-1806, which provides for the investment of funds in the State Treasury. *Id*. The establishment and funding of the trust applicable to constitutional officers is statutory and *mandatory*. "The risk management plan established pursuant to this section *shall* provide for the establishment of a trust fund for the payment of claims covered under such plan." *See* Va. Code Ann. § 2.2-1839.E(emphasis added). Thus, since claims against the sheriff are paid from a trust funded by the State Treasury, the Virginia Department of Treasury would be responsible for paying any judgment which would result from an action. *See Savage v. Cnty. of Stafford*, 1:09-cv-1328, 2010 U.S. Dist. LEXIS 44030, at *9 (E.D. Va. May 4, 2010); *Plaster v. Brown*, 2005 U.S. Dist. LEXIS 27145 *11(W.D. Va. Nov. 8, 2005).

The Fourth Circuit has held that Virginia Sheriffs as constitutional officers are entitled to Eleventh Amendment Immunity for official capacity claims for monetary relief. *Bland v. Roberts*,

TimberlakeSmith
Staunton, VA
540.885.1517

730 F.3d 368, 391 (4th Cir. 2013); *see also Smith v. McCarthy*, 349 F. App'x 851, 858 n.11 (4th Cir. 2009)(district court did not err in dismissing plaintiff's official capacity claims against any of the defendant officials, including sheriff and commonwealth's attorney, on the basis of Eleventh Amendment immunity); *Sampson v. Highland Cnty. VA Bd. of Supervisors et al*, 7:15CV00465, 2017 U.S. Dist. LEXIS 56704, at *6 (W.D. Va. Apr. 13, 2017)(sheriff); *Epperson v. Payne*, No. 4:16-cv-00050, 2017 U.S. Dist. LEXIS 47735, at *26 (W.D. Va. Mar. 30, 2017)(commonwealth's attorney); *Davison v. Plowman*, 1:16cv180, 2017 U.S. Dist. LEXIS 47157, at *22-23 (E.D. Va. Mar. 28, 2017) (commonwealth's attorney); *Young v. Perry*, No. 4:16cv00060, 2017 U.S. Dist. LEXIS 29239, at *10 (W.D. Va. Mar. 2, 2017)(sheriff); *Cadmus v. Williamson* No. 5:15-CV-045, 2016 U.S. Dist. LEXIS 30628, at *46 (W.D. Va. Mar. 9, 2016)(sheriff); *Rashad v. Jenkins*, 3:15cv655, 2016 U.S. Dist. LEXIS 27879, at *15 (E.D. Va. Mar. 3, 2016) (commonwealth's attorney); *Crutchfield v. Perry*, No. 4:14-cv-00054, 2015 U.S. Dist. LEXIS 33993, at *5 (W.D. Va. Mar. 19, 2015)(sheriff); *Gemaehlich v. Johnson*, No. 7:12cv00263, 2013 U.S. Dist. LEXIS 20147, at *12 (W.D. Va. Feb. 14, 2013)(sheriff); *Weth v. O'Leary*, 796 F. Supp. 2d 766, 772 (E.D. Va. 2011)(treasurer); *Savage v. County of Stafford*, 1:09-cv-1328, 2010 U.S. Dist. LEXIS 44030, at *8 (office of sheriff and commonwealth's attorney); *Estate of Harvey v. Roanoke City Sheriff's Office*, No. 7:06CV00603, 2007 U.S. Dist. LEXIS 12614, at *9 (W.D. Va. Feb. 23, 2007)(office of sheriff); *Plaster v. Brown,* 6:05cv00006, 2005 U.S. Dist. LEXIS 27145 *11 (commonwealth's attorney); *Hussein v. Miller*, 232 F. Supp. 2d 653, 660 (E.D. Va. 2002)(commissioner of the revenue).

Consequently, Plaintiff's claims against Defendant Jenkins in his "official capacity" should be dismissed.

TimberlakeSmith
Staunton, VA
540.885.1517

11

## IV. Plaintiff has failed to state a claim against Sheriff Jenkins for false arrest, false imprisonment, malicious prosecution, or gross negligence under state law (Counts I, III, VI and VIII).

Plaintiff has asserted direct liability claims only against Sheriff Jenkins, including claims of false arrest (Count I) false imprisonment (Count III), malicious prosecution (Count VI) and gross negligence (Count VIII). However, there are no facts alleged that Sheriff Jenkins participated in the investigation, arrest, detention, or prosecution of Clem. There are no facts alleged that Sheriff Jenkins had contemporaneous knowledge of or communicated with any of those involved during either Clem's arrest or his detention. There are no facts alleged that Sheriff Jenkins had anything to do with Clem's prosecution. Plaintiff does NOT assert a claim of vicarious liability against Sheriff Jenkins for the actions of his deputies. Consequently, Plaintiff has failed to state a claim false arrest, false imprisonment, malicious prosecution, or gross negligence[8] against Sheriff Jenkins.

Even if Clem did attempt to assert a claim of vicariously liability against Sheriff Jenkins, such claim must fail, as none of Sheriff Jenkins' deputies arrested, detained, or prosecuted Clem.[9] Deputy Fox is not alleged to have done anything other than to arrive at the scene at some point. Clem acknowledges that Deputy Burgoon, before Clem was arrested, decided to call in an independent agency, the Virginia State Police (VSP), to handle the matter. (Complaint 20). From that point forward, the VSP allegedly conducted the investigation, administered the preliminary

---

[8] Plaintiff's claim of gross negligence appears to be based upon a theory of negligent investigation or a failure to investigate. (Complaint 87). As further grounds for dismissal, such a claim has not been recognized as an independent cause of action in Virginia. *See Porter v. Woods*, 96 Va. Cir. 280, 284 (Cir. Ct. 2017); *see also Safar v. Tingle*, 859 F.3d 241, 251 (4th Cir. 2017) (Virginia likely does not recognize a cause of action for negligent investigation or prosecution); *Willoughby v. Virginia*, No. 3:16cv784, 2017 U.S. Dist. LEXIS 153417, at *18 (E.D. Va. Sep. 20, 2017); *Lewis v. McDorman*, 820 F. Supp. 1001, 1008 (W.D. Va. 1992).

[9] Clem does not include Burgoon's initial stop of Clem's vehicle for erratic driving as part of his claim for False Arrest and False Imprisonment.

12

TimberlakeSmith
Staunton, VA
540.885.1517

breath test (Complaint 28, 29, 30); arrested Clem (Complaint 33); transported Clem to the Town of Culpeper police department (not the sheriff's office) (Complaint 37); administered the "evidentiary breath test machine" (Complaint 40); transported Clem to the magistrate's office (Complaint 47); swore out a criminal complaint (which Clem claims was false)(Complaint 49); and obtained a civil refusal summons against him (Complaint 50). All of these acts were done by the VSP, not any of the sheriff's deputies.

There are no allegations, nor could there be, that Sheriff Jenkins is vicariously liable for the acts of a VSP trooper who is neither employed by Sheriff Jenkins or otherwise under his control. *See Naccash v. Burger*, 223 Va. 406, 418-19, 290 S.E.2d 825, 832 (1982) (holding that the power of control is the determinative factor in deciding whether master-servant relationship exists within the contemplation of the doctrine of *respondeat superior*).

For these reasons, Plaintiff has failed to state a claim upon which relief can be granted against Sheriff Jenkins for false arrest (Count I) false imprisonment (Count III), malicious prosecution (Count VI) and gross negligence (Count VIII).

### V.    Plaintiff has failed to state a claim of common law conspiracy under state law. (Count IV).

In the absence of direct involvement by Sheriff Jenkins, Plaintiff attempts to concoct a claim of common law conspiracy. A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means. *Gelber v. Glock*, 293 Va. 497, 533, 800 S.E.2d 800, 820 (2017). Conspiracy allegations do not set forth an independent cause of action; instead, such allegations are sustainable only after an underlying tort claim has been established. *Dunlap v. Cottman Transmission Sys*., LLC, 287 Va. 207, 215, 754 S.E.2d 313, 317

13

(2014). A common law claim of civil conspiracy generally requires proof that the underlying tort was committed. *Almy v. Grisham*, 273 Va. 68, 80-81, 639 S.E.2d 182, 189 (2007). Furthermore, because a plaintiff can allege joint liability of parties who acted in concert there is no need to assert a claim of conspiracy, and the Virginia Supreme Court is reluctant to allow an independent claim of conspiracy. *Id*. Common law conspiracy claims must be pleaded with particularity and with more than mere conclusory language. *Tomlin v. IBM, Corp*., 84 Va. Cir. 280, 296 (Fairfax County. 2012) *citing Bowman v. State Bank of Keysville*, 229 Va. 534, 541, 331 S.E.2d 797 (1985). There can be no conspiracy to do an act which the law allows. *Hechler Chevrolet, Inc. v. Gen. Motors Corp*., 230 Va. 396, 402, 337 S.E.2d 744, 748 (1985).

Notably, pursuant to the intra-corporate immunity doctrine which is applicable to common law conspiracy claims, an entity cannot conspire with itself. Persons standing within an employment relationship are not considered separate entities and cannot conspire with each other. *Perk v. Vector Resources Group*, 253 Va. 310, 317 (1997); *see also TradeStaff & Co. v. Nogiec*, 77 Va. Cir. 77 (Richmond 2008); *Kebaish v. Inova Health Case Servs*., 2012 Va. Cir. LEXIS 62 (Fairfax Cnty 2012) (denying motion to reconsider its order sustaining demurrer to common law conspiracy claim asserted against employees of hospital on grounds of intra-corporate immunity doctrine).

Here, the only actions of Sheriff Jenkins were his internal communications with his own deputy in which he expressed his opinions on matters that had already occurred, and which resulted in no action taken against Clem. Those communications cannot form the basis of a conspiracy claim under the intra-corporate immunity doctrine. There are no allegations of any communications or agreement between Sheriff Jenkins and the VSP or other third party to perform an illegal act, nor are there any allegations of an overt act by Sheriff Jenkins in furtherance of the

14

alleged conspiracy. Consequently, Plaintiff has failed to state a claim of common law conspiracy against Sheriff Jenkins

## CONCLUSION

This lawsuit seeks to capitalize on the fact that Clem had the girlfriend of Sheriff Jenkins' alleged political rival in the car with him which Clem relies on to manufacture these alleged claims against Sheriff Jenkins for money damages. However, as alleged and admitted to in the Complaint, Clem did in fact drive after drinking at two vineyards; Clem did pull off the road and then back onto the road which Clem acknowledges Defendant Burgoon perceived to be erratic driving; Burgoon did in fact detect the odor of alcohol in Clem's car; Burgoon did in fact suspect Clem of driving under the influence based upon that information; and Burgoon did call in an independent agency to handle the investigation once he became aware of the presence of Chilton's girlfriend. From that point forward, the only actions taken against Clem, the ones for which he seeks damages, were taken by the VSP.

Clem is subject to the same traffic and DUI laws as any other driver in Culpeper County, regardless of who he is, who he knows, or who is in his car. The presence of the girlfriend of a political rival in his car does not give him a "get out of jail free card" nor does it give him a cause of action for money damages against Sheriff Jenkins. The actions of Sheriff Jenkins' deputies were reasonable and lawful, and Clem's lawsuit should be dismissed with prejudice.

WHEREFORE, Defendant Jenkins respectfully requests that this Court grant his motion to dismiss with prejudice, and award him such other and further relief as this Court deems appropriate.

TimberlakeSmith
Staunton, VA
540.885.1517

SCOTT H. JENKINS,

By Counsel

15

By:   /s/ Rosalie Pemberton Fessier
       Rosalie Pemberton Fessier
       VSB # 39030
       Attorney for Defendant Jenkins
       Timberlake**Smith**
       25 North Central Avenue
       P. O. Box 108
       Staunton, VA 24402-0108
       phone:  540/885-1517
       fax:     540/885-4537
       email:   rfessier@timberlakesmith.com

CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2018, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        M. Paul Valois, Esquire
        James River Legal Associates
        7601 Timberlake Road
        Lynchburg VA 24502
            *Counsel for Clem*

        Madeline M. Gibson, Esquire
        Office of the Attorney General
        202 North Ninth St
        Richmond VA 23219
            *Counsel for Commonwealth of Virginia,*
            *Coffey and Mays*

        William W. Tunner, Esquire
        Thompson & McMullan, P.C.
        100 Shockoe Slip, 3rd Floor
        Richmond VA 23219
            *Counsel for Fox*

            /s/ Rosalie Pemberton Fessier
        Rosalie Pemberton Fessier
        VSB # 39030
        Attorney for Defendant Jenkins
        Timberlake**Smith**
        25 North Central Avenue
        P. O. Box 108
        Staunton, VA 24402-0108
        phone: 540/885-1517
        fax:    540/885-4537
        email:  rfessier@timberlakesmith.com