IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| STEVEN CLEM, : | |
|    *Plaintiff* : | |
| v. : | CASE NO.: 3:18CV00049 |
| SCOTT H. JENKINS, *et al*, : | |
|    *Defendants.* : | |

**PLAINTIFF'S MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANT JENKINS'
MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS**

COMES NOW the Plaintiff, Steven Clem ("Plaintiff" or "CLEM") by counsel to brief in partial opposition to the Motion to Dismiss (Docket NUM) filed by Defendants Mason G. Mays ("MAYS"), Brent W. Coffey ("COFFEY") and the Commonwealth of Virginia ("VIRGINIA") to-wit:

**I. PRELIMINARY STATEMENT**

The crux of this action is that the named individual defendants (including Virginia State Troopers MAYS and COFFEY) transformed an arguably lawful traffic stop initiated by Culpeper County Sheriff's Deputy Charles Burgoon ("BURGOON") into a false and unlawful arrest at the behest of Culpeper County Sheriff Scott Jenkins who was motivated by malice toward the plaintiff arising from a political rivalry between Jenkins and Tim Chilton, the plaintiff's traveling companion.

Upon consideration of the brief of JENKINS in support of the motion to dismiss, Plaintiff concedes that Count I (State claim of False Arrest) is superfluous and should be dismissed with prejudice. Plaintiff further concedes his complaint presently states facts insufficient to sustain (i) Count Two (Battery), (ii) Count Four (Civil Conspiracy) and (iii) Count Eight (Gross

Negligence) against JENKINS and these claims against JENKINS should be dismissed without prejudice.  However, the complaint states plausible claims against JENKINS in the remaining counts and so the motion to dismiss these claims against should be overruled.

## II.  FACTS PERTINENT TO THE MOTION TO DISMISS

CLEM alleges that JENKINS acted with malice toward CLEM due to a political rivalry. Complaint (included in "State Records" (Dkt. 4))  ¶ 72   The complaint alleges that MAYS and BURGOON acted at the behest of JENKINS in arresting CLEM.  *Id*. ¶ 81  The complaint alleges that JENKINS, BURGOON and MAYS acted in concert in arresting and detaining CLEM.  *Id*. ¶¶ 55, 64  The complaint alleges that JENKINS, BURGOON, MAYS, FOX, COFFEY and JOHN DOES 1-4 conspired to pursue criminal charges against CLEM without probable cause. *Id*. ¶ 70

## III.  ARGUMENT

### 1.  JENKINS WAIVED HIS ELEVENTH AMENDMENT PROTECTION BY CONSENTING TO REMOVAL FROM STATE COURT TO THIS COURT

JENKINS argues that claims against him in his official capacity are barred by application of the Eleventh Amendment.  However, he waived any protection he may have enjoyed under the Eleventh Amendment when he consented to removal of this case from Culpeper Circuit Court to this Court.  *Lapides v. Board of Regents*, 535 U.S. 613 (2002) Indeed, *Bosely v. Lemmon (In re Mills)*[1], the unpublished opinion JENKINS relies upon, is inapposite as it directly states "[b]ecause  we  conclude  that  the  district  court  retained jurisdiction over at least some of the claims even if the state defendants validly asserted Eleventh Amendment immunity, <u>we need not address whether the removal of the case operated</u>

---

1  287 Fed. Appx. 273, 278, 2008 U.S. App. LEXIS 16287, *12 (4th Cir. 2008)

<u>as a waiver of that defense.</u>"  FN 5 (emphasis added)

As it stands, the application of the Eleventh Amendment not the biggest hurdle for the Plaintiff in his Section 1983 claim (Count Five) as JENKINS is being sued in both his official and his personal capacities.  The larger problem facing the Plaintiff is his *Monnell*[2] claim asserting the particular policies and customs in JENKINS' office that were applied unconstitutionally to deprive CLEM of his rights.  Plaintiffs asserting *Monnell* liability in Section 1983 cases are always at a disadvantage in this regard, because they are not privy to the information and cannot intelligently plead the details without the benefit of discovery.  If the Court is persuaded that CLEM has not passed the threshold of plausibility with regard to his *Monnell* claim against JENKINS in his official capacity, dismissal of that part Count Five should be without prejudice.  The portion of Count Five that alleges that JENKINS violated CLEM'S Fourth Amendment rights through direct and concert of action with others is supported by facts sufficient to permit the factfinder who accepts them to conclude that JENKINS is liable in his personal capacity.

**2.  THE COMPLAINT ALLEGES PLAUSIBLE CLAIMS AGAINST JENKINS**

In order to survive the pending motion to dismiss, CLEM needs two things to be true: (1) his complaint needs to allege enough facts to render each claim plausible, and (2) JENKINS must be unable to claim any immunities.

Plausibility is a low bar and it does not mean that a plaintiff needs to demonstrate a likelihood of success to survive a Rule 12(b) motion.  To survive Rule 12(b)(6) scrutiny, a complaint need only contain "enough facts to state a claim to relief that is plausible on its

---

2  *Monell v. Department of Social Services*, 436 U.S. 658 (1978)

3 of 6

Case 3:18-cv-00049-GEC   Document 15   Filed 08/24/18   Page 3 of 6   Pageid#: 254

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)  Justice Souter, writing for the majority in *Twombly*, noted that the plausibility standard "does not impose a probability requirement at the pleading stage." 550 U.S. at 556.  He added that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Id*.

Fundamentally, the complaint alleges plausible claims against JENKINS for state claims of false imprisonment and malicious prosecution and for the federal question claim of the violation of Fourth Amendment rights under Section 1983.  JENKINS is not entitled to sovereign immunity in state claims for his intentional torts.  *Fox v. Deese,* 234 412, 423-24, 362 S.E.2d 699 (1987)  Thus, any plea of such immunity fails with regard to the state claims of false imprisonment and malicious prosecution.  Furthermore, JENKINS is not entitled to qualified immunity for the Section 1983 claim because the complaint alleges both concert of action and direction by JENKINS in plain and flagrant violations of clearly established Fourth Amendment rights.

## **CONCLUSION**

For all of the foregoing reasons, CLEM respectfully asserts that the Court should GRANT IN PART the motion of JENKINS to (i) dismiss Count One (False Arrest) with prejudice and with regard to all parties, (ii) dismiss Count Two (Battery), Count  Four (Civil Conspiracy) and Count Eight (Gross Negligence) against JENKINS without prejudice and to DENY IN PART the motion to dismiss with regard to claims against JENKINS in Count Three (False Imprisonment), Count Five (Section 1983 Claim) and Count Six (Malicious Prosecution).

Dated: August 24, 2018                              Respectfully submitted,

                                                    STEVEN CLEM

                                                    By:_____/s/ M. Paul Valois_____
                                                             Of counsel

M. Paul Valois (VSB No. 72326)
JAMES RIVER LEGAL ASSOCIATES
7601 Timberlake Road
Lynchburg, VA 24502
Telephone: (434) 845-4529
Facsimile: (434) 845-8536
mvalois@vbclegal.com

*Counsel for Plaintiff Steven Clem*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 24th day of August, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record, including:

Rosalie Pemberton Fessier, Esquire
TIMBERLAKESMITH
25 North Central Avenue
P. O. Box 108
Staunton, Virginia 24402-0108

*Counsel for Defendant Scott Jenkins*

Madeline M. Gibson, Esquire
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
202 North 9th Street
Richmond, Virginia 23219

*Counsel for Defendants Mason Mays,
Brent Coffey and Commonwealth of Virginia*

William W. Tunner, Esquire
THOMPSON & MCMULLIN, P.C.
100 Shockoe Slip, 3rd Floor
Richmond Virginia 23219

*Counsel for Defendant Vernon Fox*

          /s/ M. Paul Valois
          *M. Paul Valois*