**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| **STEVEN CLEM,** | : | |
| *Plaintiff* | : | |
| **v.** | : | **CASE NO.: 3:18CV00049** |
| | : | |
| **SCOTT H. JENKINS,** *et al,* | : | |
| *Defendants.* | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANTS MASON G.
MAYS, BRENT W. COFFEY, AND THE COMMONWEALTH OF VIRGINIA'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

COMES NOW the Plaintiff, Steven Clem ("Plaintiff" or "CLEM") by counsel to brief

in partial opposition to the Motion to Dismiss (Docket NUM) filed by Defendants Mason G.

Mays ("MAYS"), Brent W. Coffey ("COFFEY") and the Commonwealth of Virginia

("VIRGINIA") to-wit:

**I.  PRELIMINARY STATEMENT**

The crux of this action is that the named individual defendants (including Virginia State

Troopers MAYS and COFFEY) transformed an arguably lawful traffic stop initiated by Culpeper

County Sheriff's Deputy Charles Burgoon ("BURGOON") into a false and unlawful arrest at the

behest of Culpeper County Sheriff Scott Jenkins who was motivated by malice toward the

plaintiff arising from a political rivalry between Jenkins and Tim Chilton, the plaintiff's traveling

companion.

Upon consideration of the brief of the Attorney General in support of the motion to

dismiss, Plaintiff concedes that his complaint presently states facts insufficient to sustain any

i

action against VIRGINIA and COFFEY and concurs that all claims against VIRGINIA and COFFEY should be dismissed without prejudice under Rule 12. With regard to MAYS, Plaintiff further concedes that Count I (State claim of False Arrest) is superfluous and should be dismissed with prejudice. Plaintiff further concedes his complaint presently states facts insufficient to sustain; (i) Count Two (Battery), (ii) Count Four (Civil Conspiracy) and (iii) Count Eight (Gross Negligence) against MAYS and these claims against MAYS should be dismissed without prejudice. However, the complaint states plausible claims against MAYS in the remaining counts and so the motion to dismiss these claims against should be overruled.

## II. FACTS PERTINENT TO THE MOTION TO DISMISS

CLEM alleges that MAYS conferred with BURGOON at the scene of the traffic stop, but does <u>not</u> allege that BURGOON related any specific information to MAYS. Complaint (included in "State Records" (Dkt. 4)) ¶ 24 The complaint alleges that MAYS did not observe Clem driving. *Id.* ¶ 27 The complaint alleges that MAYS did not observe CLEM stumble or slur his speech and that MAYS has testified that CLEM communicated appropriately at all times during the encounter. *Id.* ¶ 25 The complaint alleges that MAYS <u>claimed</u> he detected a strong odor of alcohol even though BURGOON did not detect any such odor (but the complaint does <u>not</u> allege that MAYS actually detected such an odor. *Id.* ¶ 27 The complaint alleges that MAYS did not administer field sobriety tests. *Id.* ¶ 26 The complaint alleges that MAYS did not conduct the portable breath test properly and that he knew or should reasonably have known that the test results were invalid. *Id.* ¶ 36 Finally, the complaint alleges that MAYS manufactured false evidence and presented it to a magistrate in order to obtain warrants against CLEM. *Id.* ¶ ¶ 49-51

## III. ARGUMENT

## 1. THE ATTORNEY GENERAL'S MOTION DOES NOT ACCEPT THE FACTS AS ALLEGED IN THE COMPLAINT BUT RELIES ON EXTRANEOUS ASSERTIONS

MAYS' argument in support of his motion to dismiss spills the banks of Rule 12(b) by asserting purported facts outside of the four corners of the complaint.  For example, MAYS falsely asserts that "after detecting the strong odor of alcohol" Mays conducted a preliminary breath test.  Memorandum in Support of Motion to Dismiss (Dkt. 7), p.3   The complaint does not allege that MAYS actually detected any such odor but instead only alleges that MAYS claimed (without basis) to detect such an odor.  Further, MAYS falsely asserts that the complaint alleges that MAYS "had information from BURGOON, who was a law enforcement officer and eyewitness to CLEM'S driving, that CLEM had been driving 'erratic[ally],' and had veered off the roadway onto the curb and then back onto the roadway again."  *Id*., p. 14 Firstly, the complaint does not allege that BURGOON conveyed any particular information to MAYS, but even if such an inference is taken, the allegation that CLEM ran into a "curb" is just concocted fiction – it springs from nowhere.

This pattern of creating "facts" or inflating or mischaracterizing  CLEM'S allegations permeates the Attorney General's brief.  It transforms CLEM'S actual allegation that MAYS knew or should have known that the preliminary breath test results he obtained were invalid into a non-existent insinuation that CLEM accused MAYS of falsifying the results of the test. *Id*., p. 11  It also incorrectly asserts that the "erratic driving" CLEM alleged was misperceived by BURGOON outside of MAYS' presence automatically created probable cause for MAYS to arrest CLEM for reckless driving.  *Id*.  Aside from the fact that the complaint does not allege that BURGOON informed MAYS of his misperception, as a matter of law, merely "erratic

driving" is not probable cause to arrest for reckless driving and law-enforcement officers are specifically forbidden to make such a warrantless arrest in Virginia for acts that occur outside of their presence. See Code of Virginia § 19.2-81

## 2. THE COMPLAINT ALLEGES PLAUSIBLE CLAIMS AGAINST MAYS

In order to survive the pending motion to dismiss, CLEM needs two things to be true: (1) his complaint needs to allege enough facts to render each claim plausible, and (2) MAYS must be unable to claim any immunities.

Plausibility is a low bar and it does not mean that a plaintiff needs to demonstrate a likelihood of success to survive a Rule 12(b) motion. To survive Rule 12(b)(6) scrutiny, a complaint need only contain "enough facts to state a claim to relief that is plausible on its face." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) Justice Souter, writing for the majority in *Twombly*, noted that the plausibility standard "does not impose a probability requirement at the pleading stage." 550 U.S. at 556. He added that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Id.*

Fundamentally, the complaint alleges plausible claims against MAYS for state claims of false imprisonment and malicious prosecution and for the federal question claim of the violation of Fourth Amendment rights under Section 1983. MAYS is not entitled to sovereign immunity in state claims for his intentional torts. *Fox v. Deese*, 234 412, 423-24, 362 S.E.2d 699 (1987) Thus, any plea of such immunity fails with regard to the state claims of false imprisonment and malicious prosecution. Furthermore, MAYS is not entitled to qualified immunity for the Section 1983 claim because (i) arresting a driver without probable cause, (ii) manufacturing false evidence, (iii) using false evidence to procure warrants for DUI and

Case 3:18-cv-00049-GEC   Document 17   Filed 08/24/18   Page 4 of 8   Pageid#: 263

refusal and (iv) maintaining a malicious criminal prosecution are each plain and flagrant violations of clearly established Fourth Amendment rights.   Any one of these claims, if accepted by the factfinder, would defeat qualified immunity.

## 3.  LACK OF PROBABLE CAUSE

MAYS, depending on misrepresentation of the facts as alleged in the complaint, contends that he had probable cause to arrest CLEM and this contention underlies most of his argument.   However, as actually pleaded, CLEM has alleged facts that clearly prove MAYS lacked probable cause to arrest him at the scene.   Although the complaint does not allege that MAYS actually detected the odor of alcohol he claimed to have detected from CLEM, even if MAYS did detect such an odor "'[i]t is well established that the mere odor of alcohol is insufficient to establish intoxication' in a criminal trial." *Jetton v. Commonwealth*, 2 Va.App. 557, 563, 347 S.E.2d 141, 145 (1986) citing *Baker v. Taylor*, 229 Va. 66, 69, 326 S.E.2d 669, 671 (1985))  MAYS did not observe CLEM'S driving, did not observe his stumbling or slurring speech, did not observe watery or glassy eyes, and did not conduct field sobriety tests. The complaint alleges that the only facts MAYS used to arrest CLEM were that he claimed to detect a strong odor of alcohol from CLEM and that he obtained what he knew to be an invalid result from an improperly conducted preliminary breath test.   These facts are insufficient to create probable cause to arrest for DUI.

It is important to recognize that in a DUI prosecution there are two probable causes necessary to sustain a prosecution; probable cause to arrest at the scene and probable cause to obtain a DUI warrant.   In addition to asserting facts sufficient to prove that MAYS lacked probable cause to arrest CLEM at the scene of the traffic stop, CLEM also alleged that MAYS

Case 3:18-cv-00049-GEC   Document 17   Filed 08/24/18   Page 5 of 8   Pageid#: 264

used false evidence to obtain the warrants from magistrate. Thus, CLEM has alleged facts sufficient to show that MAYS lacked probable cause to arrest, detain and prosecute him.

## 4. MALICIOUS PROSECUTION

CLEM need not show a "special injury" in his state malicious prosecution claim because, as demonstrated in the case relied upon by the Attorney General, he was arrested and subject to criminal, not civil, malicious prosecution. "[W]e apply the English rule and hold that in malicious prosecutions stemming from <u>civil</u> proceedings the plaintiff must allege and prove arrest of her person, seizure of his property or special injury incurred." *Ayyildiz v. Kidd*, 220 Va. 1080, 266 S.E.2d 108 (1980) (emphasis added)  If a plaintiff is arrested, he is not required to prove a special injury in a malicious prosecution case in Virginia.

It is true that malicious prosecution cases arising from criminal prosecutions are not favored for public policy reasons, but they are permitted when (i) the prosecution was set on foot by the defendant and was terminated in a manner not unfavorable to the plaintiff; (ii) it was instituted or procured by the cooperation of the defendant; (iii) it was without probable cause; and (iv) it was malicious. *Id*. CLEM has alleged ample facts in support of all of these elements.

## 5. FALSE IMPRISONMENT

The Supreme Court of Virginia defines the intentional tort of false imprisonment as "the direct restraint by one person of the physical liberty of another without adequate legal justification." *Jordan v. Shands*, 500 S.E.2d 215, 218 (Va. 1998)  CLEM alleged facts sufficient in his complaint to support both the allegation of restraint of his physical liberty by MAYS and the allegation that MAYS acted without legal justification in doing so.

## CONCLUSION

For all of the foregoing reasons, CLEM respectfully asserts that the Court should GRANT IN PART the motion of the Attorney General to (i) dismiss Count One (False Arrest) with prejudice and with regard to all parties, (ii) dismiss without prejudice COFFEY and VIRGINIA as defendants in all counts (iii) dismiss Count Two (Battery), Count Four (Civil Conspiracy) and Count Eight (Gross Negligence) against MAYS without prejudice and to DENY IN PART the motion to dismiss with regard to claims against MAYS in Count Three (False Imprisnment), Count Five (Section 1983 Claim) and Count Six (Malicious Prosecution).

Dated: August 24, 2018

Respectfully submitted,

STEVEN CLEM

By:_____/s/ M. Paul Valois_____
          Of counsel

M. Paul Valois (VSB No. 72326)
JAMES RIVER LEGAL ASSOCIATES
7601 Timberlake Road
Lynchburg, VA 24502
Telephone: (434) 845-4529
Facsimile: (434) 845-8536
mvalois@vbclegal.com
mv@vbclegal.com

*Counsel for Plaintiff Steven Clem*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of August, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record, including:

Rosalie Pemberton Fessier, Esquire
TIMBERLAKESMITH
25 North Central Avenue
P. O. Box 108
Staunton, Virginia 24402-0108

*Counsel for Defendant Scott Jenkins*

Madeline M. Gibson, Esquire
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
202 North 9th Street
Richmond, Virginia 23219

*Counsel for Defendants Mason Mays,*
*Brent Coffey and Commonwealth of Virginia*

William W. Tunner, Esquire
THOMPSON & MCMULLIN, P.C.
100 Shockoe Slip, 3rd Floor
Richmond Virginia 23219

*Counsel for Defendant Vernon Fox*

_____/s/ M. Paul Valois_____
*M. Paul Valois*