UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| STEVEN E. CLEM, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:18-cv-00049-GEC |
| | ) |
| SCOTT H. JENKINS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT MASON G. MAYS, BRENT W. COFFEY,
AND THE COMMONWEALTH OF VIRGINIA'S REPLY
BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

Plaintiff Steven E. Clem's opposition brief fails to substantiate the Complaint. Clem advances a series of baseless legal arguments that mischaracterize the facts and are wrong on the law. While this Court should read the Complaint in the light most favorable to Clem, Rules 8 and 12 of the Federal Rules of Civil Procedure preclude this Court from adopting Clem's imaginative reading of the Complaint. Despite Clem's arguments to the contrary, relevant authority, in light of the alleged facts pleaded in the Complaint, do not permit the Court to adopt Clem's conspiratorial theory regarding Defendant Mays's ("Trooper Mays") probable cause determination. The only fair and warranted reading of the Complaint is that Trooper Mays arrived at the scene of the traffic stop simply to do his job as a Virginia State Police trooper; that he was briefed on the circumstances of the stop by the law enforcement officer who had pulled Clem over; and that he then initiated a DUI investigation to gather supplemental facts. Accordingly, the only inference this Court should draw from the alleged facts is that Trooper Mays had probable cause to arrest Clem, and appropriately did so.

For the reasons set forth below, the remaining claims alleged against Trooper Mays are ripe for dismissal. Moreover, while Clem argues the claims alleged against the Commonwealth of Virginia or Defendant Coffey should be dismissed without prejudice, this Court should dismiss them *with prejudice* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because they fatally flawed beyond repair.

## ARGUMENT

**1. The Facts Alleged Do Not Set Forth Any Legally Cognizable Claim Against Trooper Mays.**

Clem correctly argues that "[p]lausibility is a low bar and it does not mean that [he] needs to demonstrate a likelihood of success to survive a Rule 12(b) motion." (Dkt. No. 17 at 4.) While Clem cites dicta from *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) on factual plausibility, he incorrectly applies *Twombly's* plausibility standard. While *Twombly's* plausibility requirement does not impose a probability requirement on a plaintiff, it does "mandate that a plaintiff 'demonstrate more than a sheer possibility that [the] defendant[s] [have] acted unlawfully.'" *See*, *e.g.*, *JL v. India Wilea Mitchell*, No. 1:16-CV-538-GBL-JFA, 2016 U.S. Dist. LEXIS 118772, at *2 (E.D. Va. Sept. 1, 2016), *a'ffd sub nom. J.L. v. Mitchell*, 677 F. App'x 103 (4th Cir. 2017) (citing *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal citation omitted)). Put simply, to survive a Rule 12(b)(6) motion to dismiss, the complaint must present sufficient non-conclusory factual allegations that demonstrate a legally cognizable claim (*i.e.*, a plausible claim for relief under Rule 8(a)). *See Francis*, 588 F.3d at 196-97; *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Twombly*, 550 U.S. at 555 ("[T]he pleading must contain more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.") (internal citation omitted).

2

Clem's subjective reading of his Complaint and his arguments try to split hairs in hopes of substantiating legally deficient factual allegations that do not demonstrate lack of probable cause. For instance, the Complaint states that the two officers "conferred" when Mays arrived on scene, and that Mays arrived on scene because of Burgoon's "call[ ] for assistance from Virginia State Police to investigate the suspected DUI." (Compl. ¶¶ 20, 24, Dkt. No. 1-1.) Nevertheless, Clem accuses Defendants of mischaracterizing the facts and asks the Court to reject their argument that Trooper Mays had knowledge of Burgoon's initial observations of Clem's driving to inform his assessment of probable cause to arrest Clem for DUI because the Complaint "does not allege that Burgoon related any specific information to Mays." (Dkt. No. 2.)

While Clem is entitled to receive reasonable inferences in his favor, the same privilege does not apply to the unreasonable inferences raised by Clem. It is simply unreasonable to infer that Mays was present at the scene of the traffic stop for a nefarious reason, and not to perform his public safety duties in response to Burgoon's request for assistance. For the same reason, this Court need not adopt Clem's unreasonable, ultra-narrow reading of the Complaint with regard to the events that transpired when Mays arrived on the scene. It is clear from the face of the Complaint that Burgoon informed Mays about Clem's "erratic" driving, and established probable cause to arrest Clem for DUI when coupled with Mays' in-person investigation. (Compl. ¶¶ 17-24.)

As previously argued in Defendants' memorandum in support of their motion to dismiss, there are simply no facts to support a conspiratorial motive or agreement between Mays and the Defendants Jenkins, Burgoon, Coffey, or Fox to support Clem's argument that he was unlawfully arrested. Additionally, there are no facts alleging that Mays communicated with the other

3

defendants for any reason other than to complete the DUI investigation. Inference-disagreements aside, Clem's factual allegations loom well-below the "low bar" required to demonstrate factual plausibility.

### a. Plaintiff confuses the probable cause standard by disputing whether Clem in fact detected a strong odor of alcohol from Clem's person.

The Complaint alleges that Mays "claimed to detect a strong odor of alcohol from Clem's person." (Compl. ¶ 27.) It does not allege that Mays lied about detecting the odor of alcohol, nor that Clem's person was not emitting the odor of alcohol at the time of his arrest. Clem again tries to split hairs to save his poorly pleaded complaint by arguing there is meaningful distinction between a *claimed* detection and an *actual* detection of an odor of alcohol. Even in the light most favorable to Clem, this argument misses the mark.

It is axiomatic that an officer's claimed sensory perception is one of many factors contributing to a legitimate probable cause determination. Indeed, in assessing whether probable cause exists, courts routinely determine that a reasonable officer's subjective view of the facts and circumstances properly establishes probable cause. *See Tyree v. United States*, No. 3:09-CV-663, 2010 U.S. Dist. LEXIS 48198, at *13 (E.D. Va. May 7, 2010), *aff'd*, 417 F. App'x 364 (4th Cir. 2011) (holding that the probable cause analysis is based on "the totality of the circumstances *from the perspective of a reasonable officer*." (emphasis added).) Moreover, there is no question that an odor of alcohol on a suspect's person is a factor routinely included within "totality of the circumstances" analysis in probable cause cases. *See Bristol v. Commonwealth*, 47 Va. App. 599 (Va. Ct. Ap. 2006), *rev'd on other grounds*, 272 Va. 568 (2006); *Clarke v. Commonwealth*, 32 Va. App. 286, 296 (Va. Ct. App. 2000). Because Clem has not alleged any non-speculative facts that Trooper Mays's determination was unreasonable, the only fair

4

inference from the Complaint is that Mays *did* perceive a strong odor of alcohol on Clem's person and that perception was reasonable.

### b. Count VIII should be dismissed *with prejudice* as to each of Defendants Mays, Coffey, and the Commonwealth.

Clem concedes that Count VIII of the Complaint fails to state a viable claim on which relief can be granted, but inappropriately concludes dismissal without prejudice is appropriate. (Dkt. No. 17 at 1-2.) As argued previously in Defendants' memorandum of law in support of their motion to dismiss, Count VIII should be dismissed *with prejudice* as to Defendants Mays, Coffey and the Commonwealth because there is no additional set of facts that Clem could allege to state a valid claim for a grossly negligent police investigation. *See United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008) (dismissal *with prejudice* is particularly appropriate in cases where leave to amend should be denied as futile given irreparable deficiencies). For the following reasons, this one of those cases.

First, sovereign immunity is an absolute jurisdictional bar to Count VIII. Clem alleges gross negligence against the Commonwealth because of conduct performed by the Troopers in the course of their gathering information for, and swearing out, criminal complaints before a magistrate. (Compl. ¶ 87.) Because the alleged wrong doing occurred in the carrying out of police work necessary to institute a criminal proceeding against Clem, Count VIII falls squarely within the Virginia Tort Claims Act's ("VTCA") exception to the waiver of sovereign immunity for claims arising out of the institution of a judicial proceeding. Va. Code Ann. § 8.01-195.3(6) (2015).

Second, no federal or state court in Virginia has recognized a duty of care owed by a law enforcement officer to a suspect in the course of a criminal investigation. Accordingly, this Count should likewise decline to impose such a duty on Mays and Coffey given the facts of this

5

case. In short, Mays and Coffey did not owe Clem any duty; therefore, they could not have been negligent in their investigatory conduct. Further, the Commonwealth cannot under any circumstance be held liable for personal injuries Clem allegedly sustained as a direct result of legitimate police investigation. *See* Va. Code Ann. § 8.01-195.3 (waiving sovereign immunity only to the extent that one of the Commonwealth's employees performed a "negligent or wrongful act or omission.")

Finally, Mays and Coffey are entitled to absolute sovereign immunity under *James v. Jane*, 221 Va. 43, 53 (1980) for their conduct alleged in Count VIII even if this Court were to find ordinary negligence. Their alleged wrongful conduct was quintessential law enforcement activity in the service of public safety, which the Supreme Court of Virginia has held is absolutely immune from suit. *See Id*. at 53; *Savage v. Cty. of Stafford, Va.*, 754 F. Supp. 2d 809, 817 (E.D. Va. 2010) (citing *Glasco v. Ballard*, 249 Va. 61, 54–65 (1995)). For all these reasons, Count VIII should be dismissed *with prejudice* because it is irreparably flawed.

## CONCLUSION

For the foregoing reasons, this Court should grant the Motion to Dismiss in its entirety, dismiss all claims with prejudice, and award Defendants any and all relief deemed proper.

Respectfully submitted,

 */s/ Madeline M. Gibson*
Madeline M. Gibson (VSB No. 87561)
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Tel: (804) 692-0551
Fax: (804) 371-2087
mgibson@oag.state.va.us
*Counsel for Defendants Mason G. Mays, Brent W. Coffey, and the Commonwealth of Virginia*

6

Mark R. Herring
Attorney General of Virginia

Samuel T. Towell
Deputy Attorney General

Tara Lynn R. Zurawski
Senior Assistant Attorney General/Trial Section Chief

# CERTIFICATE OF SERVICE

I certify that on this 31st day of August, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that a Notice of Electronic Filing (NEF) was sent to all counsel of record.

        /s/ *W. Ryan Waddell*
Madeline M. Gibson (VSB No. 87561)
W. Ryan Waddell (VSB No. 91148)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-1748
Facsimile: (804) 371-2087
Email: wwaddell@oag.state.va.us
*Counsel for Defendants Mason G. Mays, Brent W. Coffey, and the Commonwealth of Virginia*